# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO TURNER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00197-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Antonio Turner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1.) Respondent United States of America responded (Doc. 3), and Movant filed a reply (Doc. 4).

Also pending is Movant's request "to incorporate his 2255 petition with the 2255 petition of Corey Turner Sr." (Doc. 5.) While Movant and Corey Turner, Sr. were co-defendants in their criminal trial, their habeas motions are separate actions raising individualized claims and cannot be combined. Further, Movant's only grounds for habeas relief are based on his trial counsel's allegedly ineffective assistance. Movant and Corey Turner, Sr. had different trial counsel and therefore none of Movant's claims relate to Corey Turner Sr.'s habeas motion. Accordingly, this Court will deny the request to incorporate the motions or otherwise consolidate the two actions.

Finally, Movant also has a pending Motion for Leave to File Notice of Supplement Authority. (Doc. 6.) The supplemental authority Movant proffers speaks to the requirement that the government prove drug quantity as an element of the crime. (*See* Doc. 6 (citing *United States v. Rowe*, 191 F.3d 752 (3d Cir. 2019).) He did not raise that issue in his motion. (*See*

Doc. 1.) As such, the Court construes Movant's motion for leave as an attempt to amend his motion to add the failure to prove drug quantity as an additional ground for habeas relief.

While pro se filings are held to "less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), this Court does not allow amendments by interlineation. Movant has not asked for leave to file an amended § 2255 motion and any request at this late date would be untimely. Moreover, any habeas ground premised on the government's failure to prove drug quantity has no legal merit because the jury did find, as an element of the offense, that the conspiracy involved more than five kilograms of cocaine. (*United States v. Turner*, No. 1:11-cr-00103-JAR-5, Doc. 1059 at Inst. 25; Doc. 1060.) Accordingly, the Court will deny this motion.

**Background**

On March 28, 2013, Movant was charged with conspiring to possess with intent to distribute more than five kilograms of cocaine and with distributing cocaine in violation of 21 U.S.C. §§ 841 and 846. (*Turner*, Doc. 1005.) On April 12, 2013, a jury found Movant guilty on both counts. (*Turner*, Doc. 1056.) Movant's Final Presentence Report calculated a total offense level of 38 and a criminal history category of VI, which corresponded to a guidelines range of 360 months to life in prison. (*Turner*, Doc. 1128 at 25.) However, because Movant had three prior convictions for felony drug offenses, the Government filed a § 851 Notice with the Court indicating that Movant was subject to an enhanced sentence of life in prison. (*Turner*, Docs. 1054, 1128 at 25.)

The Court sentenced Movant to life in prison. (*Turner*, Doc. 1143.) The Eighth Circuit affirmed Movant's conviction and sentence (*Turner*, Doc. 1305), and the United States Supreme Court denied his petition for a writ of certiorari (*Turner*, Doc. 1342).

Movant then filed this Motion, advancing two instances of ineffective assistance of trial counsel.  (Doc. 1.)  First, he argues that counsel was ineffective for failing to argue that Movant's enhanced sentence violated the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 117 (2013), which held that aggravating facts that increase a defendant's mandatory minimum sentence are elements of the crime which the government must prove beyond a reasonable doubt.  (*Id.*)  Relatedly, Movant argues that counsel failed to argue that the holding in *Alleyne* undermined the Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998), when the Court carved out an exception for prior convictions, holding that they need not be proved.  (*Id.*)

Respondent argues that *Alleyne* expressly retained the *Almendarez-Torres* exception for prior convictions and that counsel is not ineffective for failing to challenge existing precedent.  (Doc. 3.)  Likewise, Respondent argues, Movant was not prejudiced by that failure because the challenge would have been futile.  (*Id.*)

In his reply, Movant recognizes that the *Alleyne* Court did not overrule *Almendarez-Torres*, but he nonetheless argues that its holding undermines the reasoning of the earlier case and argues that counsel should have said so.  (Doc. 4.)

**Legal Standards**

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting 28 U.S.C. § 2255(a)).  The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

To prove ineffective assistance of counsel, a movant must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result.  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard is "highly deferential." *Id*. at 689.

## Analysis

Movant first argues that counsel was ineffective for failing to challenge his enhanced sentence based on the Supreme Court's holding in *Alleyne*. (Doc. 1 at 6-7.) He argues that the Government's § 851 Notice circumvented the requirement to prove his prior convictions. (*Id*.) This Court disagrees. The *Alleyne* Court noted the *Almendarez-Torres* exception for prior convictions and expressly declined to revisit it. 570 U.S. at 111, n.1. As such, an enhanced sentence based on the prior convictions cited in the Government's § 851 Notice did not run afoul of *Alleyne*. Refusing to challenge Movant's sentence on that meritless basis was not unreasonable and Movant cannot show a reasonable probability that challenging the enhancement would have changed the result of the proceeding. *Strickland*, 466 U.S. at 687, 694.

This Court also rejects Movant's secondary argument that counsel was ineffective for failing to challenge the *Almendarez-Torres* exception. "[C]ounsel's decision not to raise an issue unsupported by then-existing precedent [does] not constitute ineffective assistance." *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002); *see also Anderson v. United States*, 762 F.3d 787, 794 (holding that the Sixth Amendment does not require counsel to raise futile arguments). Likewise, there is no evidence that raising the issue would have altered Movant's sentence. *Strickland*, 466 U.S. at 694.

## Conclusion

The Court concludes that Movant has failed to show that counsel's performance was unreasonable or that his sentence would have been different had counsel advanced the arguments Movant describes.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Antonio Turner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1), is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

**IT IS FURTHER ORDERED** that Movant's request to incorporate his motion with Corey Turner Sr.'s (Doc. 5), is **DENIED.**

**IT IS FINALLY ORDERED** that Movant's Motion for Leave to File Notice of Supplement Authority (Doc. 6), is **DENIED.**

Dated this 13th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE